IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NUMBER: 07-753 |
| AMERIQUEST MORTGAGE COMPANY, INC. | ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff and as her Complaint against Defendant Ameriquest Mortgage Company, Inc. avers as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

### SUMMARY OF CLAIMS

These claims arise from a real estate loan transactions resulting in a mortgage upon Plaintiff's home which is located in this district.  The Plaintiff asserts claims against Defendant Ameriquest Mortgage Company ("Ameriquest") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.   The Plaintiff alleges that Ameriquest, the originator of the Plaintiff's loan, failed to make accurate disclosures as required under TILA.  Specifically, Ameriquest failed to provide adequate notice of Plaintiff's statutory right to cancel the transactions.  As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiff has retained her right to cancel the transaction.  Plaintiff has exercised that right by

delivering written notice of her election to cancel in accordance with the requirements of TILA. Ameriquest has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiff's loan cancellation.  Plaintiff seeks a court determination that her loan transaction has been rescinded.  Plaintiff also seeks statutory and actual damages for violations of TILA, plus attorney's fees and costs. Plaintiff also seeks damages based on her other claims against Ameriquest.

## THE PARTIES

1. Plaintiff is of full age of majority and resides in this district.

2. Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation with its principal place of business at Orange, California.  At all relevant times, Ameriquest was engaged in the making, holding and/or selling of federally related residential mortgage loans. Ameriquest does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

3. Plaintiff's' loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z").  TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions.  This three-day right to cancel applies to the Plaintiff's loan.

4. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate

"material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5.     A consumer may exercise her right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6.     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7.     Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the

borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8. As to the Plaintiff's loan, Ameriquest failed to provide the required notices of the Plaintiff's right to cancel the loan. The form notices that were supplied to Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

9. With respect to the Plaintiff's loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned.

10. Pursuant to TILA, Section 15 U.S.C. § 1635, Plaintiff has retained a right to rescind her mortgage with respect to her loan with Ameriquest.

11. The Plaintiff has exercised her right to cancel the transaction and has notified Ameriquest of her election to cancel as required by 15 U.S.C. § 1635. Ameriquest has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.

12. Additionally, as part of the loan terms as disbursements to others, Ameriquest agreed to pay off a automobile loan the Plaintiff had with Chrysler Financial in the amount of $13,165.00.

13. In fact, Ameriquest failed to pay the Chrysler Financial loan as agreed and Plaintiff never received the funds directly from Ameriquest.

14. Ameriquest is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

## COUNT I
## TILA Violations

15. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

16. Plaintiff has properly and effectively cancelled and rescinded her Ameriquest loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

17. Defendant has violated TILA, with respect to the Plaintiff's loan, in at least the following ways:

    (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Ameriquest loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

## COUNT II
## FRAUD

18. The relevant allegations stated in the above paragraphs are incorporated as if fully asserted herein.

19. Ameriquest made a false and fraudulent representation to Plaintiff regarding the loan transaction complained of herein.

20. Ameriquest intended that Plaintiff rely on said representations.

21. Plaintiff did rely to her detriment on said representations and entered into the loan transaction under the conditions stated above.

22. The representation that Ameriquest would pay off the Chrysler Financial loan was a false and misleading statement as the loan was not paid off by Ameriquest and in fact no amount of money was ever paid by Ameriquest to Chrysler Financial or to the Plaintiff.

**WHEREFORE**, Plaintiff demands actual and punitive damages in an amount to be determined by a jury plus costs of this action.

## COUNT III
## BREACH OF CONTRACT

23. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

24. The cause of action is asserted under Alabama Law against the Defendant.

25. Plaintiff and Ameriquest entered in to loan agreement by which Ameriquest agreed to prepare accurately, truthfully and correctly, the documents required to close the loan and to administer and distribute funds as disclosed in the Settlement Statement.

26. Ameriquest breached this agreement by failing to pay off the Chrysler Financial loan pursuant to the contract terms with the Plaintiff's loan.

**WHEREFORE**, Plaintiff demands judgment against Ameriquest including compensatory damages and attorneys fees and all costs of this litigation and all other just, general and equitable relief.

## COUNT IV
## NEGLIGENCE AND WANTONNESS

27. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

28. The cause of action is asserted under Alabama law against the Defendant.

29. Ameriquest negligently or wantonly failed to payoff Plaintiff's Chrysler Financial loan pursuant to the terms of the Ameriquest loan and as a proximate consequence of the Defendant's said negligence and wantonness, the Plaintiff has been caused to suffer damages including, but not limited to, inconvenience, aggravation, anger, frustration, mental and emotional distress, and paying an increase in interest and fees for both the Ameriquest loan and the Chrysler Financial loan.

**WHEREFORE**, Plaintiff demands judgment against Ameriquest including compensatory and punitive damages and attorneys fees and all costs of this litigation and all other just, general and equitable relief.

## COUNT V
## NEGLIGENT HIRING & SUPERVISION

30. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

31. Ameriquest negligently or wantonly hired and/or supervised its agent in the financing and closing of the Plaintiff's loan transaction, resulting in the wrongful conduct of the agent as set forth herein.  Ameriquest either: (i) knew or should have known of the unfitness of its agent who is described above and yet employed him or continued to employ him or used his services without proper instruction with a disregard of the rights of the plaintiff, (ii) authorized the wrongful conduct of said agent set forth hereby, or (iii) ratified the wrongful conduct of the agent as set forth herein; and said wrongful acts of agent were calculated to and did benefit the defendant.

32. As a proximate result of the negligence and/or wantonness of Ameriquest as set out above, the plaintiff has been damaged by entering into an agreement supervised by the agent of Ameriquest.

**WHEREFORE**, Plaintiff demands judgment against Ameriquest including compensatory and punitive damages and attorneys fees and all costs of this litigation and all other just, general and equitable relief.

## COUNT VI
## UNJUST ENRICHMENT

33. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

34. This cause of action is asserted under Alabama law against Ameriquest.

35. Defendant's collection of the loans proceeds that were to payoff the Chrysler Financial loan of the Plaintiff has unjustly enriched the Defendant.

**WHEREFORE**, Plaintiff demands judgment against Ameriquest including compensatory and punitive damages and attorneys fees and all costs of this litigation and all other just, general and equitable relief.

Respectfully submitted October 22nd, 2007.

**PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

s/ Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR. (UNDEE6591)
One of the Attorneys for Plaintiffs
Post Office Box 969
Fairhope, Alabama  36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
Email:  epunderwood@alalaw.com

s/ James D. Patterson
JAMES D. PATTERSON  (PATTJ6485)
One of the Attorneys for Plaintiffs
Post Office Box 969
Fairhope, Alabama  36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
Email: jpatterson@alalaw.com

                                                s/ Kenneth J. Riemer
                                                KENNETH J. RIEMER (RIEMK8712)
                                                One of the Attorney for Plaintiffs
                                                P.O. Box 1206
                                                Mobile, AL 36633
                                                Telephone:  (251) 432-9212
                                                Facsimile:  (251) 433-7172
                                                Email:  kjr@alaconsumerlaw.com

**DEFENDANT AMERIQUEST TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

**Ameriquest Mortgage Company**
**c/o National Registered Agents, Inc.**
**150 South Perry Street**
 **Montgomery, AL 36104**