IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOYCE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | 07-cv-00753-KD-C |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff in this case brings federal TILA claims to rescind a "real estate loan," as well as various state law causes of action. The numbered paragraphs of her Complaint fail to specify when she obtained this loan, but plaintiff does allege that she enjoyed a right to rescind beyond the statute's three-business-day rescission period because the "form notices . . . supplied to plaintiff were blank, unsigned and not dated." However, contrary to the allegation in the Complaint, plaintiff acknowledged receipt on June 10, 2004 of dated notices of her right to cancel, notices which she herself signed. Moreover, plaintiff enjoyed no right to rescind more than *three years after* she obtained the loan in question. As set forth

1616482 v1

in more detail below, plaintiff's claims are due to be dismissed under Rule 12(b)(6):

## I. FACTS

The following facts are alleged in plaintiff's Complaint or are set forth in documents referenced in the Complaint:

1. Plaintiff apparently believes that she obtained a "real estate loan" from defendant,[1] although the numbered paragraphs of her Complaint do not specify when she obtained this loan.

2. She alleges that, at the time she completed this transaction defendant "failed to provide the required notices of Plaintiff's right to cancel the loan."[2] She also alleges that was provided a notice of Ameriquest's contractual "ONE WEEK CANCELLATION PERIOD,"[3] but she alleges that this notice was "confusing" and was "also delivered unsigned and undated."[4]

3. However, notwithstanding the allegation in her Complaint that the form "supplied to plaintiff was blank, unsigned and not dated,"[5] plaintiff signed the

---

[1] Doc. 1, Compl., ¶ 3

[2] *Id.* at ¶ 8

[3] *Id.* at ¶ 9.

[4] *Id.*

[5] *Id.* at ¶ 8.

"NOTICE OF RIGHT TO CANCEL" form on June 10, 2004 and specifically acknowledged: "The undersigned each acknowledge receipt of receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by the lender in compliance with the Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221)."[6] The lender's copy of this form specifically informed plaintiff that, under federal law, she had until "6-14-04" to provide notice to defendant of her desire to cancel the transaction.[7] Plaintiff also specifically acknowledged, on June 10, 2004, receipt of defendant's "ONE WEEK CANCELLATION PERIOD" form,[8] which contractually provided plaintiff a longer cancellation period than was required by the federal statute.

---

[6] *See* Ex. A ("Notice of Right to Cancel"), attached hereto (with loan numbers redacted). If the Court determines that it needs to evaluate the "NOTICE OF RIGHT TO CANCEL" form in order to dismiss plaintiff's claims and finds that the "NOTICE OF RIGHT TO CANCEL" form was not incorporated into plaintiff's Complaint, the Court may still dispose of the matter under Rule 12(b)(6) and not under summary judgment as provided for in Rule 56: "[A] document central to the complaint that the defendant appends to its motion to dismiss is properly considered, provided that the contents are not in dispute." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). In this case, the contents of the loan documents signed by the plaintiff do not appear to be in dispute: "'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

[7] *See* Ex A, attached.

[8] *See* Ex. B ("One Week Cancellation Period"), attached hereto (with loan numbers redacted). Per footnote 6, *supra*, the Court may consider this "ONE WEEK CANCELLATION PERIOD" form on a Rule 12(b)(6) motion.

4.      Plaintiff alleges that she "exercised her right to cancel the transaction" but the numbered paragraphs of her Complaint do not say when this occurred.[9] In fact, Plaintiff's attorney did not attempt rescission until more than three years after the loan was obtained, on July 10, 2007.[10] In attempting to rescind more than three years later, plaintiff's attorney specifically acknowledged that plaintiff's loan had a "closing date" of June 10, 2004.[11]

5.      On October 22, 2007, plaintiff filed the present action against the defendant, alleging TILA violations and seeking, *inter alia*, statutory damages, actual damages, rescission, declaratory relief, return of any moneys, statutory damages, actual damages, costs, and attorney fees.[12]

---

[9] Doc. 1, Compl., ¶ 11.

[10] See Ex. C ("Notice of Cancellation of Loan") attached hereto (with loan numbers redacted). Per footnote 6, *supra*, the Court may consider this "NOTICE OF CANCELLATION OF LOAN" letter on a Rule 12(b)(6) motion.

[11] *Id.*

[12] Doc. 1, Compl., at the unnumbered "WHEREFORE" paragraph following ¶ 17.

## II. ARGUMENT

### A. Any TILA Claims Plaintiff May Attempt To Bring Unrelated To Her Attempted Rescission Are Barred By The Statute Of Limitations.

Any TILA claims regarding defendant's alleged "fail[ure] to give proper notice of plaintiff's right to rescind"[13] are barred by the relevant statute of limitations. A Rule 12(b)(6) motion to dismiss for failure to state a claim is proper "when failure to comply with the statute of limitations is plain on the face of the complaint."[14] In this case, the statute under which plaintiff seeks relief provides, in relevant part: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence* of the violation."[15] Plaintiff obtained her loan on June 10, 2004.[16] As such, plaintiff's Complaint, filed *more than years later* on October 22, 2007, was clearly filed outside of the statute's one-year limitations period.

### B. Plaintiff Had No Right to Rescind More Than Three Years After The Transaction In Question.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted when it appears that the plaintiff can prove no set of facts in support of

---

[13] *See id.* at ¶ 17.

[14] *Foster v. Savannah Comm.*, 140 Fed.Appx. 905, 907 (11th Cir. 2005); *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

[15] 15 U.S.C. § 1640(e) (emphasis added).

[16] *See* Exs. A, B, & C, attached.

her claim that would entitle her to relief.[17] Such is the case here. The statute under which plaintiffs seek relief provides, in relevant part:

> An obligor's right to rescind shall expire ***three years*** after the date of the consummation or upon sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . .[18]

In this case, plaintiff obtained her loan on June 10, 2004, but did not attempt to rescind this loan until July 10, 2007.[19] In other words, even assuming that the allegations in plaintiff's Complaint were true, plaintiff's right to rescind had already expired ***before*** she allegedly "exercised her right to cancel"[20] more than three years later.

### C. Plaintiff's Allegation That She Was Not Provided Notice Of Her Rescission Rights Is Contradicted By Her Own Complaint.

Although courts, in considering Rule 12(b)(6) motions, should assume that allegations in a complaint are true, courts should not "swallow the plaintiff's invective hook, line, and sinker" and "must refrain from crediting ... bald

---

[17] FED. R. CIV. P. 12(b)(6); *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005).

[18] 15 U.S.C. § 1635(f) (emphasis added).

[19] *See* Exs. A, B, & C, attached.

[20] Doc. 1, Compl., ¶ 11.

assertions, unsupportable conclusions and 'opprobrius epithets.'"[21] In this case, plaintiff admits that she was provided "form notices" of her right to cancel her loan[22]; the remaining allegations in her Complaint are not to be credited.

The Truth-in-Lending Act prescribes a narrow window of time in which to exercise rescission rights -- namely, "until midnight of the ***third business day*** following the consummation of the transaction or the delivery of the information and the rescission forms required under this section together with a statement containing all the material disclosures."[23] In this case, plaintiff was provided and signed a "NOTICE OF RIGHT TO CANCEL" form on June 10, 2004.[24] Under the statute, plaintiff's acknowledgement on this form creates a "rebuttable presumption" that she received the form.[25] Plaintiff in this case apparently ***does not dispute the authenticity*** of her acknowledgment. Instead, plaintiff's Complaint raises two unrelated challenges to the presumption that she was informed of her rescission rights at the time of closing.

---

[21] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

[22] Doc. 1, Compl., ¶ 8.

[23] 15 U.S.C. § 1635(a) (emphasis added).

[24] *See* Ex. A, attached.

[25] 15 U.S.C. § 1635(c).

**First**, plaintiff alleges that her copies of the "NOTICE OF RIGHT TO CANCEL" forms were blank -- in other words, that the date was only filled in on the lender's copy.[26] This allegation is intended to bring plaintiff's claims within the fact-patterns of the Fifth Circuit's *Williamson* holding[27] and the Ninth Circuit's *Semar* holding.[28] The Fifth Circuit in *Williamson* and the Ninth Circuit in *Semar* -- opinions which have never been followed by the Eleventh Circuit[29] -- held that a lender's failure to fill in the expiration date on the notice form renders the notice ineffective and, thus, extends the rescission period for the full three-year period set forth in 15 U.S.C. § 1635(f). However, the First Circuit's recent decision in *Palmer v. Champion Mortgage*[30] is more instructive as to the facts alleged at bar. In *Palmer*, the plaintiff's "Notice of Right to Cancel" form informed her that she had until April 1, 2003 to exercise her right of rescission, but the plaintiff claimed she had not received her copies of this form until sometime after April 1. The *Palmer* court noted that the Notice also "twice indicated in plain language that, in

---

[26] Doc. 1, Compl., ¶ 8.

[27] *Williamson v. Lafferty*, 698 F.2d 767 (5th Cir. 1983).

[28] *Semar v. Platte Valley Fed. Savings & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986).

[29] *Cf. Smith v. Am. Fin. Sys., Inc.*, 737 F.2d 1549, 1555 (11th Cir. 1984) (distinguishing that portion of *Williamson* discussing a lender's failure to disclose a security interest).

[30] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

the alternative, the debtor had three business days after *receipt* of the Notice in which rescind."[31] The First Circuit thus held this Notice sufficient to apprise plaintiff of her rights and specifically distinguished the case at bar from the Ninth Circuit's *Semar* holding, which the First Circuit construed narrowly to cover only those cases where the lender's notice provides "no rescission deadline whatsoever."[32]

In the present case, as in *Palmer*, the "NOTICE OF RIGHT TO CANCEL" form that plaintiff admittedly took home at closing[33] twice indicated to her that she had "THREE BUSINESS DAYS" from the "date you received this notice of your right to cancel" in which to rescind the transaction. Moreover, plaintiff apparently does not dispute that the "Document Signing Date" and the "Final Date to Cancel" lines were, in fact, filled in on the lender's copy which the plaintiff signed on June 10, 2004.[34] It is well-settled in the Eleventh Circuit that "***TILA does not require perfect notice***; rather it requires a clear and conspicuous notice of rescission rights."[35] In this case, ***plaintiff admits that she was informed of her right to***

---

[31] *Id.* at 27-28.

[32] *Id.*

[33] Doc. 1, Compl., ¶ 8.

[34] *See* Ex. A, attached.

[35] *Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (emphasis added).

***rescind at the time of closing*.**[36] As such, plaintiff's claims are due to be dismissed under Rule 12(b)(6).

**Second**, plaintiff seeks to circumvent the statutory proviso giving her until "midnight of the third business day following the consummation of the transaction"[37] to rescind, by alleging that the a "ONE WEEK CANCELLATION PERIOD" form she allegedly also received was "confusing" and "obscur[ed]" her "actual statutory rights."[38] Plaintiff is apparently seeking to rely on case law from other circuits analyzing what happens when a lender provides the wrong or conflicting forms, depending on whether or not the transaction in question is a "refinancing" transaction.[39] Although these decisions from other circuits are not directly on point, plaintiff presumably will rely on these authorities to support her claim that defendant in this case somehow "obscur[ed]" her statutory right to rescind by contractually providing plaintiff a period of time longer than the three

---

[36] *See* Ex. A, attached; Doc. 1, Compl., ¶ 8.

[37] 15 U.S.C. § 1635(a).

[38] *See* Doc. 1, Compl., ¶ 9; *see also* Ex. B, attached.

[39] *See Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006) (lender did not provide proper notice of right to rescind where lender provided two separate notices of rescission rights, one for "refinancing" transactions and the other more general form for other transactions); *In re Porter*, 961 F.2d 1066 (3d Cir. 1996) (lender did not provide proper notice of right to rescind where lender failed to provide the specific form explaining the exception for "refinancing" transactions).

business days set forth in the statute. In *Veale*, however, the Eleventh Circuit **_specifically disagreed with and declined to follow_** the Third Circuit's *Porter* holding.[40] Moreover, the First Circuit just recently declined to follow the Seventh Circuit's *Handy* holding, noting that *Handy* appeared inconsistent with the Eleventh Circuit's *Highland Bank* and *Veale* decisions.[41]

Here, plaintiff acknowledged on June 10, 2004 receipt of both the "NOTICE OF RIGHT TO CANCEL" form and the "ONE WEEK CANCELLATION PERIOD" form.[42] Plaintiff did not attempt to rescind the transaction either within the three business days set out in the "NOTICE OF RIGHT TO CANCEL" form or within the week set out in the "ONE WEEK CANCELLATION PERIOD" form. As such, plaintiff's right to rescind expired long before she allegedly sent her rescission letter, and her present claims are due to be dismissed.

## D.   **Plaintiffs' State Law Claims Are Likewise Due To Be Dismissed.**

Plaintiff's TILA claims should be dismissed, and the filing of a motion to dismiss on one count tolls the period of time in which to which to answer as to all

---

[40] *Veale*, 85 F.3d at 581.

[41] *Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 17 n.6 (1st Cir. Apr. 19, 2007) ("We do not follow the Seventh Circuit's view that 'TILA does not easily forgive 'technical' errors.' As the Eleventh Circuit has explained [in *Highland Bank*], Congress in 1995 rejected this hyper-technical view of TILA....") (citations omitted). The *Santos-Rodriguez* court further explained that that *Veale* was still good law. *Id.* at 18 n.10.

[42] *See* Exs. A & B, attached.

other counts.[43] Moreover, plaintiff's state law claims appear to suffer from many of the same infirmities as her federal TILA claims.

For example, as to her fraud claims, plaintiff alleges that "Ameriquest made a false and fraudulent misrepresentation to Plaintiff regarding the loan transaction complained of herein."[44] However, as the loan in question was entered on ***June 10, 2004***, these claims appear to be barred by the relevant two-year limitations period.[45] Similarly, any allegations that defendant "negligently or wantonly failed to payoff Plaintiff's Chrysler Financial loan" or "negligently or wantonly hired and/or supervised its agent in the financing and closing of the Plaintiff's loan transaction" are barred by a two-year statute of limitations.[46] Moreover, as to these claims, "there is no 'discovery rule' for negligence claims that would toll the

---

[43] *See Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp.2d 598, 638-40 (N.D. Iowa 2006); *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002); *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp.2d 95, 122 (D. Mass. 2001); *Finnegan v. Univ. of Rochester Medical Ctr.*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998); *Oil Express Nat'l, Inc. v. D'Allesandro*, 173 F.R.D. 219, 221 (N.D. Ill. 1997); *Brocksopp Engineering, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486-87 (E.D. Wisc. 1991).

[44] Doc. 1, Compl., ¶ 19.

[45] *See* ALA. CODE §§ 6-2-3 (plaintiff has two years from discovery of fraud to prosecute action); ALA. CODE § 6-2-38(l) (setting forth two-year limitations period).

[46] *See* ALA. CODE § 6-2-38(l).

running of the statute of limitations. . . ."[47] In other words, plaintiff can plead no facts that would place her "negligence and wantonness" and "negligent hiring & supervision" claims (involving acts allegedly occurring on or about June 10, 2004) within the relevant two-year limitations period.

As to plaintiff's "breach of contract" and "unjust enrichment" claims, these claims appear to be mutually exclusive, and it is unclear why these claims are being brought against defendant instead of the escrow account holder. As plaintiff pleads that the "loan agreement" required defendant "to administer and distribute funds as disclosed in the Settlement Statement,"[48] there can be no unjust enrichment arising from what plaintiff alleges to be a breach of an express contract.[49]

Finally, plaintiff has not pled her fraud claims with particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure: "The pleader must state the

---

[47] *Singer Asset Finance Co. v. Conn. Gen. Life Ins. Co.*, --- So.2d ---, 2007 WL 1575567, at * 5 (Ala. June 1, 2007).

[48] Doc. 1, Compl. ¶ 25.

[49] *See Sullivan v. Mazak Corp.*, 805 So.2d 674, 674 (Ala. 2000) (See, J., dissenting in part) ("A party cannot recover on a claim of unjust enrichment where there is an enforceable express contract between the parties concerning the same subject matter on which the unjust-enrichment claim rests."); 66 AM. JUR. 2D, RESTITUTION AND IMPLIED CONTRACTS, § 24 ("Also, an action for unjust enrichment cannot lie in the face of an express contract."); *see also Pattans Ventures, Inc. v. Williams*, 959 So.2d 115, 117 n.1 (Ala. Civ. App. 2006) (quoting the AMERICAN JURISPRUDENCE section in dicta).

time, the place, the contents or substance of the false representation, the fact misrepresented, and an identification of what has been obtained."[50] In *Robinson*, the Alabama Supreme Court affirmed dismissal of a fraud claim where the plaintiff's complaint "fail[ed] to identify the individual who actually is alleged to have misrepresented the fact."[51] Moreover, to the degree plaintiff's fraud claims are premised on her allegation that "[t]he representation that Ameriquest would pay off the Chrysler Financial loan was a false and misleading statement,"[52] this claim fails because plaintiff's Complaint fails to alleges that defendant ***did not intend*** to pay off the Chrysler loan: "In order for fraud to be predicated upon a promise, it is essential that the promisor intended not to perform at the time of making the promise."[53] Plaintiff's claim, like the claim dismissed in *Robinson*, fails to allege any intent by defendant not to perform,[54] and her claims are due to be dismissed.

### III. CONCLUSION

**WHEREFORE**, defendant respectfully requests that the Court enter an Order dismissing the plaintiff's claims.

---

[50] *Robinson v. Allstate Ins. Co.*, 399 So.2d 288, 290 (Ala. 1981).

[51] *Id.*

[52] Doc. 1, Compl., ¶ 22.

[53] *Robinson*, 399 So.2d at 290.

[54] *See id.*

Respectfully submitted,

s/Stephen J. Bumgarner
Stephen J. Bumgarner (BUMGS2089)

Attorney for Defendant
Ameriquest Mortgage Company

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
sbumgarn@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

Earl P. Underwood, Jr., Esq.
James D. Patterson, Esq.
Law Offices of Earl P. Underwood, Jr.
21 South Section Street
P.O. Box 969
Fairhope, Alabama 36533-0969

Kenneth J. Riemer, Esq.
P.O. Box 1206
Mobile, Alabama  36633

s/ Stephen J. Bumgarner
OF COUNSEL

1616482 v1

15